UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
J. FREDERICK MOTZ
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
(410) 962-2698 FAX

August 13, 2007

Memo To Counsel Re:  NaturaLawn of America v. Erie Insurance Exchange
Civil No. JFM-06-0828

Dear Counsel:

In reviewing my records, I realize that I neglected to write a short follow-up opinion as I indicated I would at the conclusion of the hearing held on March 5, 2007. I apologize for my delay in doing so. My opinion is as follows:

Plaintiff NaturaLawn seeks a declaratory judgment that defendant Erie had a duty under its insurance contract to defend and indemnify plaintiff against a lawsuit brought by Joan Nowak. Because I find that the suit against plaintiff is excluded as a matter of law from the scope of the insurance coverage, defendant's motion for summary judgment will be granted and plaintiff's parallel motion will be denied.

Defendant argues that it did not possess a duty to defend because the lawsuit is excluded from coverage by: 1) the exclusion for employment-related acts, 2) the exclusion for injury arising out of breach of contract, and 3) the exclusions for knowing defamation and knowing violation of the rights of another. For the reasons I articulated at the hearing, the employment-related acts exclusion does not apply to this case. I need not address the contract dispute exclusion because the lawsuit is excepted from coverage by the exclusions for knowing defamation and knowing violation of the rights of another.[1]

I previously expressed the tentative view that these exclusions from coverage were inapplicable. However, defendant brought the case of *Reames v. State Farm Fire and Casualty Insurance*, 683 A.2d 179 (Md. Ct. Spec. App. 1996), to my attention at the hearing. *Reames* persuades me that these exclusions do in fact apply to this case.

---

[1] The exact language of the two exclusions is as follows: injury "caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict personal and advertising injury" and injury "arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity." Def./Counter-Pl.'s Mot. for Summ. J., Ex. F at 5.

Joan Nowak's complaint stated that NaturaLawn,

> acting with the deliberate and willful intent to injure, humiliate, and discredit Plaintiff, defamed and libeled Plaintiff by publishing the Defamatory Letter to each and every one of its sixty-plus franchisees, all the while knowing the information contained in the Defamatory Letter to be false, and with no regard or reckless disregard of the consequences of such publication.

Def./Counter-Pl.'s Mot. for Summ. J., Ex. A at ¶ 47.  The language of the complaint clearly alleges only that NaturaLawn engaged in intentional and knowing defamation.  These acts are excluded by the terms of the policy coverage.

Plaintiff argues that given Maryland's liberal pleading rules, Ms. Nowak could have prevailed in her defamation case even if she failed to prove intent.  Maryland recognizes liability for both reckless and negligent defamation.  *Jacron v. Sales Co., Inc. v. Sindorf*, 350 A.2d 688 (Md. 1976), *overruled on other grounds by Le Marc's Mgmt. Corp. v. Valentin*, 709 A.2d 1222, 651 (Md. 1998).  Plaintiff contends that Ms. Nowak's claims could have gone to the jury and resulted in a finding of liability if the jury found sufficient evidence of either of these states of mind.  The pleadings could have been conformed to the evidence introduced at trial.  *See* Md. Rule 2-341 (2006).

While plaintiff's argument has some appeal, it is foreclosed by the Maryland Court of Special Appeals' reasoning in *Reames*.  The *Reames* court stated:

> [T]he analysis concerning an insurer's duty to defend a lawsuit filed against its insured on the ground that the allegations in the tort action potentially bring the tort claim within policy coverage is governed solely by evaluating the causes of action actually alleged by the plaintiff in that lawsuit, along with the relevant extrinsic evidence.  This extrinsic evidence must, however, relate in some manner to a cause of action actually alleged in the complaint and cannot be used by the insured to create a new, unasserted claim that would create a duty to defend.  Unasserted causes of action that could potentially have been supported by the factual allegations or the extrinsic evidence cannot form the basis of a duty to defend because they do not demonstrate 'a reasonable potential that the issue triggering coverage will be generated at trial.'[2]

---

[2] I recognize that the facts in *Reames* were stronger for the insurer than those in the present case.  There, in the tort action brought against the insured the plaintiff had asserted causes of action only for malicious prosecution and abuse of process (which were excluded from coverage under the policy), and not for assault and battery (which fell within the coverage of the policy).  In contrast, here Ms. Nowak did assert a claim for defamation against NaturaLawn, albeit one for intentional defamation (which is excluded from coverage) and not reckless or negligent defamation (which is not excluded from coverage).  The Court of Special Appeals did not, however, limit its holding to the specific facts in *Reames*, and the rule it enunciated is

*Reames*, 683 A.2d at 186 (citing *Aetna Cas. & Sur. Co. v. Cochran*, 651 A.2d 859, 866 (Md. 1995)).  As stated above, intentional defamation is the only tort alleged by Nowak's complaint, and intentional defamation is expressly excluded from coverage under the policy.  Therefore, Erie did not have a duty to defend NaturaLawn from Ms. Nowak's lawsuit.[3]

      The duty to defend is broader than the duty to indemnify because an insurer has a duty to defend if there is any potentiality that coverage exists.  *Utica Mut. Ins. Co. v. Miller*, 746 A.2d 935, 939 (Md. 2000).  In this case, defendant possessed no duty to defend, and therefore also has no duty to indemnify.

      Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                                 Very truly yours,

                                 /s/

                                 J. Frederick Motz
                                 United States District Judge

---

sufficiently broad to entitle defendant to summary judgment in the present case.

    [3] Plaintiff also argues that the policy's exclusions swallow its coverage.  For this reason, plaintiff contends that the Court must construe the exclusions against the insurer.  However, as stated above, a negligent or reckless defamation claim would be covered by the policy, even though an intentional or knowing defamation claim is not.  For this reason, this case is unlike the *Bailer* case, in which the exclusion for intentional acts completely swallowed the purported coverage for invasion of privacy claims because invasion of privacy is always intentional.  *See Bailer v. Erie Ins. Exch.*, 687 A.2d 1375, 1384-85 (Md. 1997) (holding that because the exclusion for intentional acts directly contradicted purported coverage for invasion of privacy, the contract was ambiguous and the insurer had a duty to defend).